# In re B-B- et al., Respondents

*Decided September 24, 1998*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Where counsel's insistence on corroborating evidence discouraged the respondents from seeking asylum, but was reasonable in light of case precedent, there is no showing of ineffective assistance of counsel.

Paul Shearman Allen, Esquire, Washington, D.C., for the respondents

J. Dan Pelletier, Sr., General Attorney, for the Immigration and Naturalization Service

Before: Board Panel: SCHMIDT, Chairman; HURWITZ and ROSENBERG, Board Members.

ROSENBERG, Board Member:

The respondents have appealed the decision of the Immigration Judge not to reopen proceedings in which they were granted voluntary departure.[1] The appeal will be dismissed. The request for oral argument is denied.

The respondents, natives and citizens of Iran, entered the United States on nonimmigrant visitor visas on different dates in 1990. On October 1, 1996, the respondents were granted voluntary departure until June 15, 1997. On June 19, 1997, after their period of voluntary departure had expired, the respondents filed a motion to reopen with the Immigration Judge, alleging that prior counsel wrongfully dissuaded them from applying for asylum and charging her with ineffective assistance of counsel.

On July 2, 1997, the Immigration Judge denied the respondents' motion to reopen, observing that they had not complied with the requirements for a claim of ineffective assistance of counsel, as set forth in our decision *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), *aff'd*, 857 F.2d

---

[1]The respondents' timely appeal was initially rejected because it was not accompanied by a notice of appearance. To avoid any jurisdictional issues, we will consider this case on certification, pursuant to 8 C.F.R. § 3.1(c) (1998).

10 (1st Cir. 1988). The Immigration Judge also commented that motions to reopen that serve dilatory purposes are disfavored and noted that the respondents were granted a generous period of voluntary departure for the express purpose of allowing a minor respondent to finish school.

On appeal, the respondents have submitted additional documentation in an effort to comply with the *Lozada* requirements and maintain that they have been the victims of ineffective assistance of counsel. The respondents allege that former counsel wrongly advised them that corroborating evidence would be necessary for their asylum claim and thus precluded them from applying for that relief. The respondents also argue that their efforts to satisfy the requirements of *Lozada*, while not precisely in accordance with that decision, are sufficiently proximate to make their claim.

In reply, the Immigration and Naturalization Service endorses the decision of the Immigration Judge. Noting that both the respondents' motion to reopen and their Notice of Appeal were untimely,[2] the Service contends that the record reflects prior counsel's best judgment and not a refusal to file an asylum application.

As a general matter, we are reticent to revisit the respondents' choice of relief. First, there are strong policy reasons for strictly adhering to and enforcing voluntary departure orders, not the least of which is to discourage dilatory behavior. *See Matter of Shaar*, 21 I&N Dec. 541 (BIA 1996), *aff'd*, 141 F.3d 953 (9th Cir. 1998). The timing of the respondents' motion to reopen and their failure to take any remedial action during their 8½ months of voluntary departure period invites speculation into the motive behind the filing of their motion. Second, subsequent dissatisfaction with a strategic decision of counsel is not grounds to reopen. *See Magallanes-Damian v. INS*, 783 F.2d 931 (9th Cir. 1986) (finding that the decision to forego contesting deportability in favor of a  generous grant of voluntary departure is a tactical choice); *cf. INS v. Doherty*, 502 U.S. 314 (1992) (stating that withdrawal of an asylum claim to secure a tactical advantage in the first hearing did not constitute a reasonable explanation for failing to pursue the claim at that hearing). The respondents opted for a particular strategy and form of relief, and although they might wish to fault their former attorney and recant that decision, they are nonetheless bound by it, unless they can show egregious conduct on counsel's part. *See Matter of Lozada, supra; see also LeBlanc v. INS*, 715 F.2d 685 (1st Cir. 1983).

Through their claim of ineffective assistance of counsel, the

---

[2]At the motion level, the Service argued that the respondents were time barred from filing their motion to reopen. *See* 8 C.F.R. §§ 3.2(c)(2), 3.23(b)(4)(i) (1997), The Immigration Judge did not address this objection in his ruling on the motion. As we find the respondents have not made a persuasive claim of ineffective assistance of counsel, we do not reach this jurisdictional issue.

respondents seek to characterize the advice of former counsel as egregious conduct. They argue that "but for" her insistence on corroborating evidence, they would have pursued their asylum claim. Upon review of the record and the respondents' contentions on appeal, we are not persuaded by this argument.

To prevail, the respondents must show that the conduct of former counsel was so egregious that it rendered their hearing unfair. *See Matter of Lozada, supra*. However, we observe no misconduct, malfeasance, or incompetence on counsel's part. *Cf. Matter of Grijalva*, 21 I&N Dec. 472 (BIA 1996). To the contrary, the record reflects that counsel was professional in her handling of the respondents' case and counseled them accordingly. We observe that counsel secured certain benefits for the respondents, including generous periods of voluntary departure from both the Service and the Immigration Court. She also explored other immigration options, including employment-based nonimmigrant visas, family-based immigrant visas, and—at least initially—political asylum. On its face, the conduct of former counsel is not that which we envisioned in our decision in *Lozada*.

The respondents maintain that it was egregious conduct for counsel to insist on corroborating evidence before prosecuting their asylum claim. We find, however, that counsel's evaluation of their asylum claim and her insistence on corroborating evidence was entirely reasonable. We are cognizant that, in some instances, an asylum-seeker need not have corroborating evidence to prevail. *See Matter of Mogharrabi*, 19 I&N Dec. 439 (BIA 1987). Nonetheless, the provision of corroborating evidence is not optional, and the respondents must satisfy their affirmative duty to corroborate their claim to the degree that they can, or otherwise reasonably explain their failure to do so. *See Matter of S-M-J-*, 21 I&N Dec. 722 (BIA 1997); *Matter of Dass*, 20 I&N Dec. 120 (BIA 1989); *see also Matter of M-D-*, 21 I&N Dec. 1180 (BIA 1998); *Matter of Y-B-*, 21 I&N Dec. 1136 (BIA 1998). We find nothing egregious in counsel advising the respondents to comply with express legal precedent, particularly when counsel must balance her clients' desire for relief with her duty to both the court and her clients' interests not to file a frivolous application for relief. *See* 8 C.F.R. § 292.3(a)(15)(i) (1998); *see also* section 208(d)(6) of the Immigration and Nationality Act, 8 U.S.C. § 1158(d)(6) (Supp. II 1996).

In summary, we find that the respondents have not made a prima facie showing of ineffective assistance of counsel. As the record does not establish that former counsel engaged in egregious conduct, we decline to reopen the proceedings. *See Matter of Lozada*, *supra*;  *see also Mohsseni Behbahani v. INS*, 796 F.2d 249 (9th Cir. 1986), *See generally Matter of Santos,* 19 I&N Dec. 105 (BIA 1984).

**ORDER:** The appeal is dismissed.