Ederlinda Tirona BATOON; Allan Tirona Batoon; Ailene Rose Batoon, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Ederlinda Tirona Batoon; Allan Roy Batoon; Allene Rose Batoon, Petitioners,

v.

Alberto R. Gonzales, Attorney General, Respondent.

No. 03–72570, 03–74427.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2006.

Decided Aug. 17, 2006.

---

* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Richard M. Wilner, Wilner & O'Reilly, APLC, Cerritos, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., Jeffrey J. Bernstein, Esq., Michelle E. Gorden, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

MEMORANDUM *

In this consolidated appeal, Petitioners Ederlinda, Ailene, and Allan Batoon petition for review of the Board of Immigration Appeals' (BIA's) order denying their motions to reopen. Their petitions are predicated on ineffective assistance of counsel.

We have jurisdiction over the petitions of Ederlinda and Ailene Batoon, for their brief to the BIA raised their ineffective assistance claims and the relevant facts about their attorney Kwan's incorrect advice and delay in filing for adjustment of status. See, e.g., Zhang v. Ashcroft, 388 F.3d 713, 721 (9th Cir.2004) (holding that an issue is exhausted if it is raised before the BIA). Moreover, the BIA expressly held that attorney Kwan was merely "strategic," not ineffective, in failing to file for Ederlinda's and Ailene's adjustment of status at an earlier date. See Socop–Gonzalez v. INS, 272 F.3d 1176, 1186 (9th Cir. 2001) (en banc) (holding that an issue is exhausted if the BIA has addressed it). Because the facts underlying Allan's claims were similarly raised to the BIA, and the BIA's disposition clearly echoed (via citation) its determination that any delay was "strategic," Allan's claims have also been properly exhausted before the agency. Id.

To the extent that they challenge their counsel's delay in filing for adjustment of status, we reject the petitions on the merits. We agree with the BIA that the attorneys' failure to file earlier for adjustment of status was not so egregious as to fall beyond the bounds of strategy. The attorneys did not file motions to remand during the pendency of petitioners' multifaceted direct appeal, part of which concerned a separate adjustment of status application

based on visa petitions filed by Ederlinda's former husband. The new adjustment of status applications would have been subject to a heightened burden of proof on the bona fides of Ederlinda's and Allan's new marriages. *See* 8 U.S.C. § 1255(e) (an alien filing for adjustment of status based on a marriage entered into while in deportation proceedings must show "by clear and convincing evidence ... that the marriage was entered into in good faith"). Because it might have made strategic sense to appeal the determination regarding the former husband's visa petitions, rather than to apply for adjustment based on marriages subject to heightened scrutiny, the attorneys' delay did not so undermine the fundamental fairness of the proceedings that an ineffective assistance claim must succeed. *See Magallanes-Damian v. I.N.S.*, 783 F.2d 931, 933 (9th Cir.1986); *Matter of B–B–*, 22 I. & N. Dec. 309, 310 (BIA 1998).

Because their original motion to reopen could have properly been denied on account of this delay, *see* 8 C.F.R. § 1003.2(c)(1), the petitioners have failed to show that their adjustment claims were prejudiced by their attorneys' errors concerning the citizenship of Allan's wife and the effects of overstaying a period of voluntary departure. *See Iturribarria v. INS*, 321 F.3d 889, 899–900 (9th Cir.2003) (requiring ineffective assistance claimants to show prejudice).

To the extent that Allan challenges his attorneys' failure to apply for a longer period of voluntary departure, Allan has similarly not shown prejudice, for he has made no showing that a longer voluntary departure period would have been granted. *See id.; Lara–Torres v. Ashcroft*, 383 F.3d 968, 973 (9th Cir.2004) (defining prejudice

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

as "essentially a demonstration that the alleged [ineffective assistance] affected the outcome of the proceedings").

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), the reissued 30–day voluntary departure period for petitioners Ederlinda and Ailene will begin to run upon issuance of this court's mandate.

PETITIONS DENIED.

RAWLINSON, Circuit Judge, concurring.

I concur in the result.