**Aguibou TOURE, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 07–3691.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 7, 2008.

Filed: April 11, 2008.

Aguibou Toure, Turnersville, NJ, pro se.

Nancy E. Friedman, Andrew Oliveira, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: MCKEE, SMITH and CHAGARES, Circuit Judges.

OPINION

PER CURIAM.

Aguibou Toure, a native and citizen of Guinea, was admitted to the United States in May 2003 on a visitor's visa. He is removable under Immigration & Nationality Act § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as an overstay. Toure filed an application for asylum based on political persecution but he withdrew it, he says upon the advice of counsel, Sujeet K. Mohanty, Esquire. He was granted volun-

tary departure on March 13, 2005. Toure married on May 6, 2005. Just prior to the expiration of the voluntary departure period, he filed his first motion to reopen, through attorney Mohanty, seeking to adjust his status on the basis of this marriage to a U.S. citizen. The Department of Homeland Security opposed the motion on the basis of a lack of evidence that the marriage was bona fide. The Immigration Judge denied the motion to reopen on April 29, 2006, explaining that Toure had been advised, through his counsel, to supplement his motion with documentation concerning the *bona fides* of his marriage, and he had failed to do so.

Toure obtained new counsel, Ronald S. Salomon, Esquire, who then filed a second motion to reopen, in which Toure contended that Mr. Mohanty's substandard work in preparing and filing the first motion to reopen had cost him the opportunity to adjust his status or win asylum-related relief. He contended that Mr. Mohanty never told him that additional documentation in support of the first motion to reopen was required. On June 12, 2006, the Immigration Judge denied this motion. He concluded that it was numerically barred, *see* 8 C.F.R. § 1003.23(b)(1), and that there was no basis for equitable "tolling" of the numerical bar because Toure had not shown that he had been defrauded by counsel. *See Borges v. Gonzales,* 402 F.3d 398, 406–07 (3d Cir.2005) (where attorney engaged in fraudulent activity causing essential action in alien's case to be undertaken ineffectively, out of time, or not at all, equitable tolling is available).

Toure appealed to the Board of Immigration Appeals and filed a motion to re-

mand. On October 26, 2006, the Board dismissed the appeal and denied the motion. Noting that a valid claim of ineffective assistance of counsel may provide a basis for allowing an otherwise numerically barred second motion to reopen, the Board found that Toure had not been prejudiced by Mr. Mohanty's alleged substandard representation. Applying *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988), and *In re: B–B–,* 22 I. & N. Dec. 309 (BIA 1998) (under *Lozada* alien must show that conduct of former counsel was so egregious that it rendered his hearing unfair), the Board credited a submission by Mr. Mohanty, A.R. 90–91, in which he stated that he had tried repeatedly to contact Toure for the required documentation. The Board also noted that the *Lozada* requirement of filing a misconduct complaint with the state bar had not been met.[1] The Board further noted that the required documentation, in support of either asylum or adjustment of status, still had not been provided. Toure did not file a timely petition for review of this decision (and thus we are unable to review it, *Stone v. Immigration & Naturalization Serv.,* 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (holding that, in context of motion to reopen, Congress envisioned separate timely petitions for review of separate final orders)).

On March 26, 2007, Toure filed a third motion to reopen, through new counsel, Theodore Vialet, Esquire, in Immigration Court, again asserting ineffective assistance of Mr. Mohanty. This time the *Lozada* attorney misconduct complaint requirement had been met. The Immi-

---

1. To comply with *Lozada,* a motion to reopen based on ineffective assistance of counsel must meet three requirements: (1) the motion must be supported by an affidavit of the alien attesting to the relevant facts; (2) former counsel must have been informed of the allegations and allowed the opportunity to respond; and (3) the motion must reflect whether a complaint has been filed with appropriate disciplinary authorities, and if not, why not. *See Zheng v. Gonzales,* 422 F.3d 98, 106 (3d Cir.2005).

gration Judge denied the third motion as clearly subject to the numerical and time bars, and again held that equitable tolling was unwarranted because evidence of attorney fraud was lacking. Toure appealed, but, on August 17, 2007, the Board dismissed the appeal, finding no basis for revisiting its earlier decision that Toure was not prejudiced by counsel's actions, *see Fadiga v. U.S. Attorney General,* 488 F.3d 142 (3d Cir.2007), and thus there was no basis for equitable tolling.

Toure has timely petitioned for review of the Board's August 17, 2007 decision. He contends that he was prejudiced by Mr. Mohanty's conduct with respect to both his asylum and adjustment of status applications. We have jurisdiction to review the denial of Toure's's third motion to reopen under 8 U.S.C. § 1252(a). Ordinarily, the denial of a motion to reopen is reviewed for abuse of discretion, *Immigration & Naturalization Serv. v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992), but this case turns on a question of law and thus our review is de novo, *Kamara v. U.S. Attorney General,* 420 F.3d 202, 211 (3d Cir.2005).

An alien has the right to file a motion to reopen removal proceedings and must do so within 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2); 8 C.F.R. § 1003.23(b)(1). An alien also is limited to only one motion to reopen removal proceedings, whether before the Board or the immigration judge. *Id.* Although the deadline for filing a motion to reopen may be equitably tolled by a showing of ineffective assistance of counsel, *see Mahmood v. Gonzales,* 427 F.3d 248, 252 (3d Cir.2005),

we have not issued a precedential opinion deciding that numerical limits on motions to reopen may be "equitably tolled" by a claim for ineffective assistance of counsel, *see Luntungan v. U.S. Attorney General,* 449 F.3d 551, 557 (3d Cir.2006).[2] Even assuming that the one motion limit may be equitably tolled, we hold that equitable tolling does not apply here.

Toure alleged that his first counsel, Mr. Mohanty, who filed the first motion to reopen, was ineffective. Under the doctrine of equitable tolling, Toure might be entitled to file a second motion, but, in effect, he has already received this form of relief. Toure's second counsel, Mr. Salomon, filed a second motion to reopen, which the Board rejected upon a finding that Toure had not been prejudiced by Mr. Mohanty's representation. The Board also found that the *Lozada* requirement of filing a misconduct complaint with the state bar had not been met. Only when Toure filed his third motion did the Board deny it as numerically barred.

To demonstrate that the Board erred in denying his third motion to reopen as numerically barred, Toure must show that equitable considerations should permit him to file the third motion. *Luntungan,* 449 F.3d at 557. "This showing would have to be based on unfairness surrounding the second motion to reopen." *Id.* If the second motion gave Toure a fair chance to be heard, there is no equitable reason to permit a third motion, *id.* at 557–58. Toure does not allege that the attorney who filed the second motion, Mr. Salomon, defrauded him or otherwise provided ineffective assistance, *see Fadiga,* 488 F.3d at 155–57, and we thus conclude that the second motion gave Toure a fair chance to

**2.** Strictly speaking, equitable "tolling" is the doctrine that the statute of limitations will not bar a claim as *untimely* if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period expired. *Id.* (citing *Black's Law Dictionary* 579 (8th ed.2004)) (internal quotations and brackets removed).

be heard. We held in *Luntungan* that "[e]quity requires nothing more." *Id.* at 558.

We will deny the petition for review.