**ZANYU JIN, Dongchun Cui, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General,[1] Respondent.**

**No. 08–3225–ag.**

United States Court of Appeals, Second Circuit.

Sept. 18, 2009.

David K.S. Kim, Matthew L. Guadagno, New York, NY, for Petitioners.

Michael F. Hertz, Acting Assistant Attorney General, John S. Hogan, Senior Litigation Counsel, Achiezer Guggenheim, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

PRESENT: JON O. NEWMAN, ROBERT D. SACK, and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioners Zanyu Jin and Dongchun Cui, natives and citizens of the People's Republic of China, seek review of the May 30, 2008 order of the BIA dismissing for lack of jurisdiction their appeal from the January 17, 2006 decision of Immigration Judge ("IJ") Robert D. Weisel: (1) granting Jin's application for withholding of removal; and (2) entering a final order of removal against Cui. *See In re Zanyu Jin and Dongchun Cui*, Nos. A78 410 634/98 974 037 (B.I.A. May 30, 2008); *see also* Nos. A78 410 634/98 974 037 (Immig. Ct. N.Y. City Jan. 17, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

"We review *de novo* constitutional challenges to a decision by the BIA and legal conclusions drawn by the BIA, such as the determination that the BIA lacks jurisdiction." *Mirza Ali v. Mukasey*, 525 F.3d 171, 173 (2d Cir.2008). However, "[w]e review the BIA's factual findings under the substantial evidence standard." *Id.* The question of a "knowing and intelligent waiver [of the right to appeal] is inevitably a fact-specific inquiry." *Id.* at 174.

 We conclude that the BIA did not err in dismissing Jin and Cui's appeal for lack of jurisdiction. *See Matter of Patino*,

23 I. & N. Dec. 74, 76 (BIA 2001) (holding "that the [BIA] may not exercise jurisdiction over a case once the right to appeal has been waived"). As the BIA noted, before the conclusion of their hearing, the IJ asked Jin and Cui's former attorney whether both of her clients wished to accept his decision as final, to which she replied affirmatively. This amounted to "an effective waiver of appeal" where the record supports the conclusion that Jin and Cui's former attorney understood what it meant to accept the IJ's decision as "final." *Mirza Ali*, 525 F.3d at 174 (holding that an appeal waiver is effective where the record "fairly supports the conclusion that the alien *or* his counsel understood the nature of the waiver"). Jin and Cui do not argue that their former attorney misunderstood what the IJ meant by "final." [2]

 Moreover, we find that the BIA properly concluded that Jin and Cui were bound by their former attorney's appeal waiver, and withdrawal of Jin's asylum application, where her decisions were reasonably strategic, and did not amount to ineffective assistance of counsel. *See Changxu Jiang v. Mukasey*, 522 F.3d 266, 270–71 (2d Cir.2008). Having reached an agreement with the IJ and counsel for the U.S. Department of Homeland Security, their former attorney ensured that, by withdrawing Cui's asylum application and waiving appeal, the grant of withholding of removal as to Jin would go unchallenged before the BIA.[3] *Jiang v. Mukasey*, 522

---

2. We reject Jin and Cui's argument that their attorney's waiver was invalid under *Mirza Ali* because they did not receive "written notification" of their right to appeal. 525 F.3d at 174. As we observed in that case, Notices to Appear—which were properly served on Jin and Cui—provide notice of an alien's right to appeal an adverse IJ decision. *See id.* at 172 ("The Notice [to Appear] also stated that '[a]t the conclusion of [his] hearing, [Ali would] have a right to appeal an adverse decision by the [IJ].'").

3. We decline to consider Jin and Cui's argument that their former attorney (and the IJ) misrepresented the likelihood that Jin could seek adjustment of status because (as the government notes in its brief to this Court) they did not properly exhaust that argument before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20, 124 (2d Cir.2007). In addition, we conclude that Cui's arguments challenging his former attorney's waiver of his own right to appeal have no merit where

F.3d 266, 271 (2d Cir.2008) ("[T]he attorney's decision, even if unwise in hindsight, was a tactical decision that did not constitute ineffective assistance.")

The BIA reasonably determined that Jin and Cui's former attorney's actions were not so egregious as to undermine the fundamental fairness of their hearing. *See id.* at 270; *see also Matter of B–B–,* 22 I. & N. Dec. 309, 310–11 (BIA 1998) ("The respondents opted for a particular strategy and form of relief, and although they might wish to fault their former attorney and recant that decision, they are nonetheless bound by it, unless they can show . . . that the conduct of former counsel was so egregious that it rendered their hearing unfair."). Therefore, the BIA properly dismissed their appeal for lack of jurisdiction where their former attorney's appeal waiver was binding on them. *See Mirza Ali,* 525 F.3d at 173–74.

■ As a final matter, Jin and Cui argue that the waiver of their appeal should not be binding because one of the IJ's remarks during their hearing was misleading and prejudiced the outcome of their case. The record does not suggest that the IJ's remarks affected their former attorney's binding decision to waive appeal. Moreover, this argument is waived because, as the government notes in its brief, Jin and Cui failed to raise this issue before the BIA until their reply brief, and then only in a footnote. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20, 124 (2d Cir.2007); *F.T.C. v. Verity Intern., Ltd.,* 443 F.3d 48, 65 (2d Cir.2006) ("Because the defendants-appellants did not [raise this issue] until their reply brief, and then only cursorily, we deem it waived on appeal."). In any event, we conclude that Jin and Cui were afforded due process,

including a full and fair hearing with a reasonable opportunity to be heard. *See Burger v. Gonzales,* 498 F.3d 131, 134 (2d Cir.2007) (noting that "[t]o establish a violation of due process, [petitioner] must show that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness." (internal quotations omitted)).

For the foregoing reasons, the petition for review is DENIED. Petitioner's pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

he did not file any independent applications for relief.

