FILED
United States Court of Appeals
Tenth Circuit

September 25, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DOMINGO HERNANDEZ-LUIS,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 12-9518
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **EBEL**, Circuit Judges.

Petitioner Domingo Hernandez-Luis, a native of Mexico, petitions pro se for

review of an order issued by the Board of Immigration Appeals (BIA) dismissing his

appeal for lack of jurisdiction. Exercising jurisdiction pursuant to 8 U.S.C.

§ 1252(a)(1), (2)(D), we deny the petition for review.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I.     BACKGROUND

Petitioner entered the United States without inspection in 1987.  He was placed in removal proceedings in 2008, after he came to the attention of the Department of Homeland Security during his incarceration for traffic violations.  On June 8, 2010, he appeared in Immigration Court, along with his lawyer, for what was scheduled as a merits hearing on his request for cancellation of removal.  But instead of going forward on his application, petitioner asked that the Immigration Judge (IJ) grant him voluntary departure.  The IJ inquired several times if this was the course of action that petitioner wanted to pursue, and just as many times, petitioner reiterated that this was what he wanted.  Petitioner then signed an application withdrawing his application for cancellation of removal with prejudice, which was witnessed by the IJ.

An IJ may grant voluntary departure only if the individual meets certain conditions, including waiving the appeal of all issues.  *See* 8 C.F.R. § 1240.26(b)(1)(i); *see also* 8 U.S.C. § 1229c(a)(1).  To that end, the IJ determined that petitioner was eligible for voluntary departure and advised him of the consequences of disobeying the order.  The IJ also inquired if "[e]ither party want[s] to appeal?"  Admin. R. at 140.  Petitioner asked about "any kind of paper work that I would need to have checked or something once I cross the border?"  *Id*.  The IJ explained the process and asked again if "[a]ll parties waive appeal?"  *Id*. at 141.  The government agreed, and petitioner's lawyer said:  "Yes, Your Honor."  *Id*.  The

IJ granted voluntary departure within 120 days, to October 6, 2010, but entered an alternate order of removal to Mexico in the event that petitioner failed to voluntarily depart the United States.

Petitioner timely filed a pro se petition for review with the BIA. He argued that his lawyer's ineffective assistance left the IJ "little option but [to] seek withdrawal of Petitioner's Application for CANCELLATION **with prejudice.**" *Id*. at 66. The BIA dismissed the petition for lack of jurisdiction on the grounds that petitioner "has made no argument on appeal that his decision to waive appeal was not knowing and intelligent." *Id*. at 2. The BIA also concluded that "[e]ven if we considered the ineffective assistance of counsel claim, the strategy of pursuing voluntary departure over cancellation is not a ground[] for a claim of ineffective assistance." *Id*. at n.1. He now seeks review in this court.

In his appeal to the BIA, petitioner also argued that he was afraid to return to Mexico because of changed country conditions. The BIA construed this argument as a motion to reopen, but denied the motion because petitioner failed "to submit evidence that is 'material and was not available and could not have been discovered or presented at the previous proceeding,'" quoting 8 C.F.R. § 1003.23(b)(4). Admin. R. at 3. The government argues that petitioner has waived review of the BIA's denial of his motion to reopen because he does not address the issue on appeal. We agree. Although we must liberally construe petitioner's pro se brief, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), he does nothing more than argue how

- 3 -

increased drug violence in Mexico would affect his U.S. citizen children should they return to Mexico with him. But petitioner does not attempt to identify any error in the BIA's ruling or explain why it was wrong. Thus, the argument is waived. *See* Fed. R. App. P. 28 (a)(9)(A), (requiring, among other things, that an opening brief contain an argument, with the reasons for the argument, and citations to authorities and the record; *see also Herrera-Castillo v. Holder*, 573 F.3d 1004, 1010 (10th Cir. 2009) (holding that an issue that is not sufficiently raised in an opening brief is waived).

## II.    DISCUSSION

"The BIA lacks jurisdiction to review an immigration judge's decision if an alien has knowingly and intelligently waived his right to appeal." *Kohwarien v. Holder*, 635 F.3d 174, 179 (5th Cir. 2011); *see also In re Rodriguez-Diaz*, 22 I. & N. Dec. 1320, 1322 (B.I.A. 2000). "The finding of a knowing and [voluntary] waiver is inevitably a fact-specific inquiry." *Kohwarien*, 635 F.3d at 179 (internal quotation marks omitted). We review the BIA's legal determinations de novo and its factual findings for substantial evidence. *Witjaksono v. Holder*, 573 F.3d 968, 977 (10th Cir. 2009). Under the substantial evidence standard, "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

In his opening brief, petitioner asserts that his lawyer's deficient performance is what led to the withdrawal of his application for cancellation of removal in

exchange for voluntary departure. However, petitioner never mentions the waiver of his right to appeal other than in a single conclusory sentence: "Nothing can be of greater **unfairness** than the unknown and involuntary attorney caused Application withdrawal, combined with an unknown and not agreed upon waiver of Appeal rights **serving no legitimate legal interest**." Pet'r Opening Br. at 5. This is insufficient appellate argument.

Rule 28(a)(9)(A) of the Federal Rules of Appellate Procedure requires, among other things, that an opening brief contain an argument, with the reasons for the argument, and citations to authorities and the record. As such, even construing petitioner's pro se liberally, *see Hall*, 935 F.2d at 1110, he has waived any argument that his waiver of appeal rights was not knowing and voluntary. *See Herrera-Castillo*, 573 F.3d at 1010.

What petitioner argues in this court (and what he argued before the BIA) is that his lawyer's ineptitude caused the withdrawal of his application for cancellation of removal. In particular, he argues that "[t]he only interest served [by enforcing the decision] might arguabl[y] be that of an attorney riding himself of a fee disputing client. This **is not an** interest to be upheld nor supported by any Court." Pet'r Opening Br. at 5-6.

To prevail on such a claim, petitioner "must show that the conduct of former counsel was so egregious that it rendered [his] hearing unfair." *Matter of B-B-*, 22 I. & N., Dec. 309, 311 (B.I.A. 1998). "[T]he voluntary departure grant involves a quid

pro quo arrangement between the alien and the [g]overnment. In return for departing within the time afforded for voluntary departure, an alien avoids certain adverse consequences of a removal order." *In re Zmijewska*, 24 I. & N. Dec. 87, 92 (B.I.A. 2007), citing 8 U.S.C. § 1182(a)(9)(A)(ii) (citation omitted). Voluntary departure also provides a "generous period[]" in which to prepare for the actual departure. *In re B-B-*, 22 I. & N. Dec. at 311. As such, the BIA has held that "there are strong policy reasons for strictly adhering to and enforcing voluntary departure orders, not the least of which is to discourage dilatory behavior." *Id*. at 310. Moreover, "subsequent dissatisfaction with a strategic decision of counsel is not grounds to reopen." *Id*.

Measured against this standard, we agree with the BIA that petitioner has not established that the conduct of his lawyer was so egregious as to result in an unfair proceeding. First, the record reveals that the decision to withdraw the application for cancellation of removal was made by petitioner, not his lawyer. Second, although the lawyer had some difficulties getting the application filed and missed a court date due to car trouble, none of this resulted in an unfair proceeding. And third, there is no record evidence that a fee dispute had anything to do with petitioner's decision to withdraw the application and seek voluntary departure. Thus, petitioner has failed to establish that he suffered any prejudice as the result of his lawyer's conduct.

The petition for review is DENIED.  We also deny petitioner's request to proceed in forma pauperis.

Entered for the Court


David M. Ebel
Circuit Judge