**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3648
_____

JAIME GONZALEZ GIRALDO,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of a
Decision of the United States Department of Justice
Board of Immigration Appeals
(Agency No. A200-687-507)
Immigration Judge: Charles M. Honeyman
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 24, 2019

Before: SMITH, <u>Chief</u> <u>Judge</u>, CHAGARES and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>.

(Filed: August 15, 2019)
_____

OPINION*
_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Jaime Gonzalez Giraldo petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the denial of his motion to reinstate his previously withdrawn Form I-589, in which he sought asylum, withholding of removal, and withholding of removal under the Convention Against Torture ("CAT"). We will deny the petition.

I.

We write principally for the parties and therefore recite only those facts necessary to our decision. Giraldo is a Colombian citizen who entered the United States in 2008 on a visitor visa when he was fifteen years old. Giraldo was subsequently served with a Notice to Appear, charging him with remaining in this country without authorization after the expiration of his visa. During a hearing before an immigration judge ("IJ") in 2011, Gonzalez, through his counsel, conceded that he was removable.

Giraldo filed his Form I-589 in 2012. However, during a September 2014 hearing, Giraldo — after consulting with his attorney — agreed to withdraw his I-589 application with prejudice and seek instead either a voluntary departure order or some form of relief that might become available to him due to a change in the law. Neither Giraldo nor his counsel stated during the hearing that the withdrawal of the I-589 was based on a promise of prosecutorial discretion by the Department of Homeland Security ("DHS").

Giraldo's next few hearings included discussion of seeking relief from removal by applying for the Deferred Action for Childhood Arrivals ("DACA") program and having his mother, who had since become a lawful permanent resident, submit an I-130 (Petition

2

for Alien Relative) on his behalf. The IJ granted continuances over a nearly three-year period so that Giraldo could pursue those forms of relief, but Giraldo was not able to file a DACA application while the program was still available to him. Additionally, although the IJ continued the case at least twice in 2016 for Giraldo to pursue prosecutorial discretion, that form of relief was no longer a viable option after the rules regarding prosecutorial discretion changed in 2017.[1]

During a November 8, 2017 hearing before the IJ, Giraldo's counsel — acknowledging that the I-589 application had been withdrawn — sought a merits hearing on the application "given the fact that [Giraldo] ha[d] no other option." Administrative Record ("AR") 214. In a subsequent written motion to reinstate the application, Giraldo argued that he "only withdrew his I-589 due to the availability of DACA and DHS counsel's inclination to grant prosecutorial discretion," and that he wanted to reinstate that application now that DACA had been repealed and the rules regarding prosecutorial discretion had changed. AR 508.

The IJ concluded that reinstatement was not warranted and ordered Giraldo's removal to Colombia. The BIA agreed and dismissed Giraldo's appeal, emphasizing that Giraldo presented no evidence that "DHS provided an offer of prosecutorial discretion prior to the hearing held in September 2014." Appendix ("App.") 4. The BIA also observed that Giraldo was aware that he agreed to withdraw his application in exchange for the chance to apply for voluntary departure or another form of relief that might

---

[1] According to the transcripts, DHS had twice denied prosecutorial discretion for Giraldo — once in 2015 and once in September 2016.

3

become available, knew that he could "proceed with his Form I-589, regardless of the difficulties associated with [it]," and "understood that he was withdrawing [that application] with prejudice." App. 4–5. Giraldo now petitions for review of the BIA's decision.

## II.

We have jurisdiction over this case pursuant to 8 U.S.C. § 1252(a)(1) and review the BIA's decision in considering Giraldo's petition for review. Mendoza-Ordonez v. Att'y Gen., 869 F.3d 164, 168–69 (3d Cir. 2017). However, "'to the extent the BIA deferred to or adopted the [IJ's] reasoning' on particular issues, we may consider both opinions on those points." Id. at 169 (quoting Nelson v. Att'y Gen., 685 F.3d 318, 321 (3d Cir. 2012)).

## III.

We review the denial of Giraldo's motion to reinstate his withdrawn application for an abuse of discretion. See Mendez-Gutierrez v. Ashcroft, 340 F.3d 865, 868–69 (9th Cir. 2003) (concluding that a "request to reinstate [a] withdrawn asylum application is analogous . . . to a motion to reopen" and, therefore, reviewing the denial of the former using the abuse-of-discretion standard of review applicable to the latter); Contreras v. Att'y Gen., 665 F.3d 578, 583 (3d Cir. 2012) ("We review the denial of a motion to reopen for abuse of discretion . . . ."). We will uphold the denial of the motion unless it "is arbitrary, irrational, or contrary to law." Id.

On this record, we cannot conclude that the agency abused its discretion in denying Giraldo's motion to reinstate. Giraldo moved the IJ to reinstate his application

4

on the grounds that he "only withdrew [it] due to the availability of DACA and DHS counsel's inclination to grant prosecutorial discretion," neither of which were viable options by November 2017. AR 508. Giraldo reiterated that argument to the BIA and to this Court, but further explained that his withdrawal was based entirely on DHS's offer of prosecutorial discretion and that he would not have withdrawn his application had he known that that offer would be rescinded. But, as the BIA correctly noted, Giraldo does not point to any evidence that "DHS provided an offer of prosecutorial discretion prior to the hearing held in September 2014." App. 4. Instead, according to the transcript of the September 2014 hearing, Giraldo agreed to "a withdrawal of the 589 with prejudice, reset to February 25 at 1:00 for either a voluntary departure order or applying collaterally for anything that may come out of this administration after the elections." AR 115. There was no mention of prosecutorial discretion during that hearing. And the citations upon which Giraldo relies — pointing to transcripts of subsequent hearings — likewise do not demonstrate that he withdrew his application in return for a promise of prosecutorial discretion.

Instead, the transcript of the September 2014 hearing reveals that Giraldo: discussed his options with his counsel and his family, and he understood those options; sought "to withdraw [his] application to be able to apply for something different in the future," understanding that the IJ could not guarantee a favorable change in the law, AR 118–19; and understood that his withdrawal of the application with prejudice meant that he was precluded from refiling it. That is, the transcript reveals a strategic decision by Giraldo and his counsel to voluntarily withdraw the I-589 application with prejudice. His

5

"subsequent dissatisfaction with [that] strategic decision . . . is not grounds to reopen." In re B-B-, 22 I. & N. Dec. 309, 310 (BIA 1998).  Accordingly, the agency did not abuse its discretion in denying Giraldo's motion.[2]

IV.

For the aforementioned reasons, we will deny the petition for review.

---

[2] In his brief, which focuses on his reliance on a promise of prosecutorial discretion when withdrawing his I-589 application, Giraldo asserts:  "no analysis was made as to the likelihood of success on his underlying application for relief in [the] form of asylum, withholding of removal, and relief under the CAT."  Giraldo Br. 11.  We note first our doubt that this argument (comprised solely of the quoted sentence) is preserved for our review.  See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145 (3d Cir. 2017) (explaining that "we have consistently refused to consider ill-developed arguments or those not properly raised and discussed in the appellate briefing").  In any event, to the extent that Giraldo faults the agency for not considering the merits of his I-589 application when disposing of his motion to reinstate, we cannot agree that that amounts to an abuse of discretion, as he did not argue the merits of his application before either the IJ or the BIA beyond the inclusion of that identical statement in his brief to the BIA.

6