08-3522-ag
Zavala v. Holder

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of November, two thousand nine.

PRESENT:

> AMALYA L. KEARSE,
> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NEHEMIAS ALEXZANDER MEDRANO ZAVALA,

*Petitioner*,

v.                                                                08-3522-ag

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,*

*Respondent.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER:**                    TERESA M. LOKEN, (Gary J. Yerman, *on the brief*) Yerman & Associates, New York, NY.

---

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:**                    DALIN R. HOLYOAK, Trial Attorney, Office of
                                       Immigration Litigation, (Michael F. Hertz, Acting
                                       Assistant Attorney General, Civil Division, Barry J.
                                       Pettinato, Assistant Director, Office of Immigration
                                       Litigation, *on the brief*) United States Department of
                                       Justice, Washington, D.C.

Petition for review of a decision by the Board of Immigration Appeals ("BIA").

      **UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of
Immigration Appeals, **it is hereby ORDERED, ADJUDGED, AND DECREED**, that the
petition for review is **DENIED**.

      Petitioner Nehemias Alexzander Medrano Zavala ("petitioner" or "Zavala"), a native and
citizen of El Salvador, seeks review of a June 19, 2008 order of the BIA affirming the June 18, 2007
decision of an Immigration Judge ("IJ") denying his applications for asylum, withholding of removal,
and relief under the Convention Against Torture ("CAT"). *See In re Nehemias Alexzander Medrano
Zavala*, No. A98 952 858 (BIA June 19, 2008), *aff'g* No. A98 952 858 (Immig. Ct. N.Y. City June 18,
2007). On petition for review, petitioner argues that the BIA erred in concluding that Zavala had
not established a well-founded fear of persecution on account of membership in a particular social
group or an imputed political opinion. We assume the parties' familiarity with the underlying facts
and procedural history of the case.

      Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion
closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions for the sake of
completeness. *See Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). "We review the BIA's
factual findings under the substantial evidence standard," *Ali v. Mukasey*, 525 F.3d 171, 173 (2d Cir.
2008), and we may not overturn those findings 'unless any reasonable adjudicator would be
compelled to [find] to the contrary," 8 U.S.C. § 1252(b)(4)(B). We review *de novo* questions of law
and the application of law to undisputed fact. *See, e.g.*, *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.
2008).

      For applications governed by the amendments to the Immigration and Nationality Act made
by the REAL ID Act of 2005, "the applicant must establish that race, religion, nationality,
membership in a particular social group, or political opinion was or will be at least one central reason
for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). In order to demonstrate persecution on
account of a protected ground, the "applicant must [ ] show, through direct or circumstantial
evidence, that the persecutor's motive to persecute arises from the applicant's political belief [or
another protected ground]." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005).

Here, Zavala argues that he was persecuted on account of his membership in a particular social group—namely, "all persons who the Maras have targeted for revenge or recruitment as a form of repayment for that person's family's failure to support the guerrillas during the civil war." J.A. 18. Petitioner argues that his social group satisfies the particularity and social visibility requirements, *see Matter of A-M-E- & J-G-U-*, 24 I. & N. Dec. 69, 74-76 (BIA 2007), because it is based on his membership in his family. Zavala alternatively argues that even if he does not demonstrate membership in a particular social group, he is still eligible for asylum based on an imputed political opinion.

First, the social group proposed by petitioner is not meaningfully different from those previously rejected by the BIA. Recently, the BIA held that neither Salvadoran youth who have been subjected to recruitment efforts by the Mara Salvatrucha ("MS-13") gang and who have rejected or resisted those efforts nor the family members of such Salvadoran youth constitute a "particular social group." *Matter of S-E-G-*, 24 I. & N. Dec. 579, 582-88 (BIA 2008). Although a family can constitute a cognizable social group, *see Matter of Acosta*, 19 I. & N. Dec. 211 (BIA 1985), nothing in the record would suggest that the BIA erred in concluding that petitioner was not targeted for recruitment because he was a member of a particular social group. To the contrary, petitioner stated that he believed MS-13 wanted to recruit him because a gang leader stated that Zavala was "good to be with [them]," J.A. 181, not because his family opposed the guerillas during the civil war. Put differently, nothing in the record suggests that the BIA erred in concluding that the applicants had not shown that gang members had any motives other than increasing the size and influence of their gang.

The BIA's decision in *Matter of S-E-G-* is also instructive as to Zavala's alternative claim that he has a well-founded fear of persecution based on an imputed political opinion.[1] Specifically, petitioner argues that his family's political opinion in opposing the guerillas during the civil war is "imputed" to him. Pet. Br. 25. The BIA in *Matter of S-E-G-* relied on its factual determination that the applicants had not shown that the MS-13 had motives other than expanding their gang to conclude that the applicant failed to establish persecution based on an imputed political opinion. 24 I. & N. Dec. at 589. The same is true here primarily based on petitioner's statement discussed above.

Even assuming that petitioner had established a cognizable social group or an imputed political opinion, petitioner's brothers and aunt have suffered no harm in the several years since petitioner left El Salvador. As the IJ noted, this undermines petitioner's claim that his fear of future

---

[1] Because we agree with the BIA's decision in *Matter of S-E-G-*, we need not determine whether we accord deference to the BIA's application of the statute to a particular fact pattern under *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984). Whether we reach this outcome because we deferred to the BIA's analysis or applied our own is irrelevant.

persecution was objectively reasonable. *Cf. Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear of future persecution was diminished).

Accordingly, the BIA did not err in denying petitioner's applications for asylum and withholding of removal. Likewise, the BIA did not err in denying petitioner's CAT claim, because petitioner failed to demonstrate that any suffering would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

## CONCLUSION

For the foregoing reasons, the petition for review is **DENIED**. As we have completed our review, the stay of removal that the Court previously granted in this petition is **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

4