**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2366
_____

ERNESTO INOCENCIO PEREZ-HERNANDEZ,
                                                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                            Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A072-928-590)
Immigration Judge:  Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 14, 2010
Before: MCKEE <u>Chief</u> <u>Judge</u>, HARDIMAN and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 22, 2010 )
_____

OPINION
_____

PER CURIAM

        Ernesto Inocencio Perez-Hernandez, a Mexican citizen, petitions for review of the

Immigration Judge's ("IJ") order of removal and the Board of Immigration Appeals's

("BIA") denial of his request to remand the proceedings.  For the following reasons, we

will deny the petition for review.

I.

The date and circumstances of Perez-Hernandez's entry into the United States are unclear. However, in 1989, while living in California, he pled guilty to two counts of possession, with intent to sell, heroin and cocaine. He was sentenced to ninety days in jail and three years of probation. In 1995, Perez-Hernandez's then-wife successfully filed an I-130 petition on behalf of Perez-Hernandez, and Perez-Hernandez's subsequent I-485 petition for adjustment of status (on which he did not list his convictions) was approved in November 1995. Ten years later, in November 2005, Perez-Hernandez applied to renew his permanent resident card. His application was denied because he did not respond to the request for documentation regarding his 1989 convictions. In September 2006, Perez-Hernandez was placed in removal proceedings after he received a Notice to Appear that charged him as deportable under 8 U.S.C. §§ 1227(a)(1)(A), (a)(2)(A)(iii), and (a)(2)(B)(i).

At Perez-Hernandez's removal proceedings, the IJ determined that there was sufficient evidence to sustain the charges and ordered Perez-Hernandez removed. During the hearing, Perez-Hernandez's counsel stated that he did not believe that his client was eligible for any relief. After Perez-Hernandez's attorney indicated that he would be willing to accept a deportation order, the IJ engaged in the following discussion with Perez-Hernandez and his attorney, Jorge Coombs:

2

**IJ**: Mr. Perez, we've been talking with your lawyer . . . and he doesn't see that you have any relief and I don't either. But if you want to continue to fight this case you're certainly welcome to do it or if you have any applications you want to file, you can do that. But I assume you've discussed your case with Mr. Coombs at some length. Is that true? Yes?

**Perez-Hernandez**: Yes.

**IJ**: He indicates that you would be willing to accept a deportation order today, is that true?

**Perez-Hernandez**: Yes.

**IJ**: Okay, and did you talk about asylum and persecution and those things with Mr. Coombs?

**Perez-Hernandez**: Yes.

**IJ**: Okay. And have you determined that that's not an appropriate remedy for you?

**Perez-Hernandez**: Yes.

**IJ**: And you're happy with the representation you got from Mr. Coombs?

**Perez-Hernandez**: Yes.

**IJ**: And do you have any questions because now I am going to give you a final order of deportation to Mexico?

**Perez-Hernandez**: No.

**IJ**: Okay.

**IJ**: And this is final, correct Mr. Coombs?

**Coombs**: Yes, Your Honor.

The IJ then signed a removal order, which stated that Perez-Hernandez had waived his right to appeal.

Perez-Hernandez thereafter obtained new counsel, who appealed to the BIA claiming that his previous counsel was ineffective. Perez-Hernandez argued that, under I.N.S. v. St. Cyr, 533 U.S. 289 (2001), his attorney erred by stating that he was not eligible for a waiver of inadmissibility under 8 U.S.C. § 1182(c). In his brief to the BIA, Perez-Hernandez admitted that he had not complied with the requirements for proceeding

3

on an ineffective assistance of counsel claim set forth by Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), but asserted that he was "in the process" of doing so.

Perez-Hernandez's appeal was dismissed for lack of jurisdiction because he had waived his right to appeal by agreeing to the deportation order. The BIA also considered the appeal as a motion to reopen seeking a remand, but, citing to Matter of Coelho, 20 I. & N. Dec. 464, 471 (BIA 1992), found that no remand was in order. The BIA acknowledged that it may reopen proceedings due to ineffective assistance of counsel if the petitioner shows that he was prejudiced by counsel's performance. See Matter of Compean, 24 I. & N. Dec. 710 (A.G. 2009), vacated by 25 I. & N. Dec. 1 (BIA 2009).[1] Because Perez-Hernandez he did not demonstrate that he was eligible for a waiver of inadmissability, the BIA determined that he could not establish that he was prejudiced by his counsel's performance. The BIA also concluded that Perez-Hernandez had conceded that he did not comply with Lozada's procedural requirements for raising an ineffective assistance claim.

Perez-Hernandez, through counsel, now petitions for review. The government opposes the petition for review, and has also moved to dismiss the petition, asserting that

---

[1]    While this matter was pending, the Attorney General partially overruled the decision in Lozada. See Matter of Compean, 24 I. & N. Dec. 710 (A.G. 2009) (Compean I). Compean I, however, applied only to claims raised after its publication date of January 7, 2009. Thus, even if Compean I had not recently been vacated, see Matter of Compean, 25 I. & N. Dec. 1 (BIA 2009), Lozada would have applied to Perez-Hernandez's ineffective assistance claim.

this Court lacks jurisdiction because Perez-Hernandez waived his appellate rights and failed to exhaust his administrative remedies challenging the validity of the waiver.

## II.

### (A) Motion to Dismiss

This Court may "review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right. . . ." 8 U.S.C. § 1252(d)(1). As the government correctly argues, when a petitioner waives his right to appeal, the BIA lacks jurisdiction to review the IJ's decision. As a result, the petitioner fails to exhaust his administrative remedies. Joo v. I.N.S., 813 F.2d 211, 212 (9th Cir. 1987). However, we have held that the BIA's sua sponte discussion of an issue constitutes exhaustion. Lin v. Att'y Gen., 543 F.3d 114, 123-24 (3d Cir. 2008). Here, although Perez-Hernandez did not raise the waiver of his appellate rights to the BIA, the BIA nevertheless engaged in a sua sponte discussion of the issue, ultimately determining that he had waived his right to appeal and that it lacked jurisdiction to review the IJ's removal order. Accordingly, the issue of whether Perez-Hernandez waived his appellate rights is exhausted and we have jurisdiction to review it. See id. Thus, we deny the government's motion to dismiss.[2]

We agree that the BIA lacked jurisdiction over Perez-Hernandez's appeal because he waived his appellate rights. Such a waiver comports with due process only if it is done

---

[2] The government also asserts that, because Perez-Hernandez waived his appellate rights, we do not have jurisdiction to review the IJ's removal order. While that is true, Perez-Hernandez only seeks review of the BIA's order.

5

"voluntarily and intelligently." Richardson v. U.S., 558 F.3d 216, 219-20 (3d Cir. 2009). Perez-Hernandez argues that his waiver does not meet this standard because: (1) the word "appeal" was never used in his proceedings, (2) he was never explicitly asked whether he wanted to appeal, and (3) neither he nor his attorney knew that he had a valid basis for an appeal. The BIA, when determining that Perez-Hernandez had waived his right to appeal, explained that he had not argued that his waiver was invalid and that he:

> answered in the affirmative when directly questioned by the [IJ] as to whether he had discussed his case with his attorney, whether he was willing to accept a deportation order at that time, whether he had discussed possible relief with his attorney, and whether he was happy with the representation he had received from his counsel. The [IJ] also asked whether a final deportation order was accepted, to which respondent's counsel answered in the affirmative.

The BIA has explained that, although determining the validity of a waiver is a fact-specific inquiry, "[a]sking the parties whether they accept a decision as 'final' is a shorthand expression commonly used by [IJs]. . . . Those who understand the meaning of this shorthand expression, such as aliens represented by attorneys, may effectively waive appeal in response to this simple question." In re Rodriguez-Diaz, 22 I. & N. Dec. 1320, 1322 (BIA 2000); Ali v. Mukasey, 525 F.3d 171, 173-74 (2d Cir. 2008) ("We now agree . . . that accepting an IJ's decision as final can serve as an effective waiver of appeal when the record of the interaction between the IJ and the alien fairly supports the conclusion that the alien *or* his counsel understood the nature of the waiver.") (emphasis added).

Here, there is no contention that Perez-Hernandez's attorney did not understand the meaning of accepting the order as "final." Although Perez-Hernandez now implies

6

that he did not understand that he was waiving his appellate rights, he also concedes that he agreed to accept the deportation order as final because he believed that he had no basis for appeal.  Accordingly, we cannot say that the BIA incorrectly determined that Perez-Hernandez waived his appellate rights and that it thus lacked jurisdiction to review the IJ's order.

## (B)  Petition for Review

Because the BIA also construed Perez-Hernandez's appeal as a motion to reopen seeking a remand based on ineffective assistance of counsel, we have jurisdiction to review its decision that reopening the proceeding was unwarranted.  See Fadiga v. Att'y Gen., 488 F.3d 142, 153-54 (3d Cir. 2007).[3]  We review the denial of a motion to reopen for abuse of discretion.  Id. at 153.  Under that standard, the BIA's decision may be reversed only if it is "arbitrary, irrational, or contrary to law."  Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).  However, the determination of an underlying procedural due process claim, such as a claim for ineffective assistance of counsel, is reviewed de novo.  Fadiga, 488 F.3d at 153-54.

Proceeding on a motion to reopen based on an ineffective assistance of counsel claim requires not only that the petitioner demonstrate that he suffered prejudice as a

---

[3]     It is somewhat unclear whether the BIA considered Perez-Hernandez's motion as seeking remand or reopening.  However, "we consider these devices as equivalent for jurisdictional and standard of review purposes."  Korytnyuk v. Ashcroft, 396 F.3d 272, 282 (3d Cir. 2005).

7

result of his attorney's deficient representation, but also that he comply with the three-prong test set forth by Lozada. Lu v. Ashcroft, 259 F.3d 127, 133 (3d Cir. 2001). Under Lozada, the petitioner must: (1) support his claim with an affidavit attesting to the relevant facts; (2) inform former counsel of the allegations and provide counsel with an opportunity to respond; and (3) state whether a complaint has been filed with appropriate disciplinary authorities regarding the allegedly deficient representation, and if not, why not. 19 I. & N. Dec. at 639.

As the BIA stated, Perez-Hernandez conceded that he did not comply with Lozada's requirements. He does not provide an adequate explanation for this lapse, arguing only that he was unable to timely obtain his case file from his previous attorney. However, it is unclear how this delay kept him from, at the very least, preparing an affidavit (the first requirement). Perez-Hernandez instead argues that under this Court's precedent, the Lozada requirements are not applied strictly, and that he should be excused from complying with them. In support of this contention, Perez-Hernandez cites to Lu, in which we stated that there are "inherent dangers in applying a strict, formulaic interpretation" of Lozada's requirements if the petitioner provides a reasonable explanation for his failure to comply. 259 F.3d at133. However, Lu also held that the Lozada test is "generally not an abuse of the Board's wide-ranging discretion." Id. Because Perez-Hernandez failed to comply with the Lozada test and did not adequately explain this failure, the BIA did not abuse its discretion in declining to reopen the

8

removal proceedings.[4]

We find Perez-Hernandez's remaining arguments meritless.  Based on the foregoing, we will deny the petition for review.

---

[4]     Because the BIA appropriately denied the motion to reopen based on Perez-Hernandez's failure to comply with the procedural requirements, it is unnecessary to determine whether Perez-Hernandez was prejudiced by his counsel's alleged deficient performance.  See Lu, 259 F.3d at 135 n.5.