11-168-ag
Weng v. Holder

BIA
Schoppert, IJ
A089 250 122

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of March, two thousand twelve.

PRESENT:
RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

JIA CAN WENG,
*Petitioner,*

v.                                              11-168-ag
NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        JP Sarmiento, Cleveland, OH

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Terri J. Scadron, Assistant
                       Director; Kathryn L. Deangelis,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jia Can Weng, a native and citizen of the People's Republic of China, seeks review of the December 17, 2010 decision of the BIA dismissing for lack of jurisdiction his appeal from the December 17, 2008 decision of Immigration Judge ("IJ") Douglas B. Schoppert, finding him removable as charged. *See In re Jia Can Weng*, No. A089 250 122 (B.I.A. Dec. 17, 2010), dismissing the appeal of No. A089 250 122 (Immig. Ct. N.Y. City Dec. 17, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). We review "*de novo* constitutional challenges to a decision by the BIA and legal conclusions drawn by [the] BIA, such as the determination that the BIA lacks jurisdiction." *Mirza Ali v. Mukasey*, 525 F.3d 171, 173 (2d Cir. 2008) (citing *Arenas-Yepes v. Gonzales*, 421

F.3d 111, 114 (2d Cir. 2005)).  However, we review "the BIA's factual findings under the substantial evidence standard."  *Id.* (citing *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 333-34 (2d Cir. 2006)).  We treat the BIA's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009) (internal quotation marks omitted); 8 U.S.C. § 1252(b)(4)(B).

We find that the BIA did not err in dismissing Weng's appeal for lack of jurisdiction.  *See Matter of Shih*, 20 I. & N. Dec. 697 (BIA 1993); 8 C.F.R. § 1003.39.  The record is clear that Weng knowingly and voluntarily withdrew his application for relief and waived his right to appeal.  *See Matter of Rodriguez-Diaz*, 22 I. & N. Dec. 1320 (BIA 2000). The transcript demonstrates that the IJ gave Weng and his counsel an opportunity to discuss the possibility of withdrawing his application to avoid the entry of a finding that his claims were frivolous, and, as the BIA noted, the IJ confirmed the withdrawal and waiver with Weng directly, asking him whether he wished to withdraw his application, whether he wished to waive his right to appeal, and whether

he had made both of those decisions voluntarily and of his own free will.

We conclude that Weng was afforded a full and fair hearing and was provided a reasonable opportunity to present evidence on his own behalf. *See Peter Conrad Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008). The record reflects that the IJ admitted all of Weng's documentary evidence, that both Weng and his wife testified on direct examination until Weng's attorney stated that he had nothing further, and that the IJ gave Weng's attorney an additional opportunity to elicit testimony from the couple after cross-examination. Only after hearing both Weng's and his wife's testimony did the IJ raise the possibility of Weng withdrawing his application. Moreover, Weng does not explain what more he would have offered in support of his claim had he been given an opportunity to do so.

Finally, we reject Weng's argument that the BIA erred by failing to address his claim that the IJ denied him a meaningful opportunity to present his case. The BIA explicitly stated that Weng's claim that he was forced to withdraw his application was without merit. In addition, the BIA's analysis of whether Weng's withdrawal was forced

4

and whether his withdrawal and waiver were voluntary are more than sufficient to establish that the BIA considered whether Weng was deprived of a full and fair hearing. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (rejecting the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5