12-76-ag
Zarbaelov v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of October, two thousand twelve.

PRESENT:   GUIDO CALABRESI,
                    REENA RAGGI,
                    SUSAN L. CARNEY,
                              *Circuit Judges*.

-----------------------------------------------------------------------
SHALTIEL ZARBAELOV,
                              *Petitioner*,

                    v.                                                    No.  12-76-ag

ERIC H. HOLDER, JR., United States Attorney General,
                              *Respondent*.
-----------------------------------------------------------------------

FOR PETITIONER:              Perham Makabi, Esq., Kew Gardens, New York.

FOR RESPONDENT:              Dana M. Camilleri, Trial Attorney; Stuart F. Delery, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Shaltiel Zarbaelov, a native of the former Soviet Union and a citizen of Israel, seeks review of a December 12, 2011 decision of the BIA, affirming the November 29, 2010 decision of Immigration Judge ("IJ") Michaelangelo Rocco pretermitting Zarbaelov's application for cancellation of removal and ordering his removal. In re Zarbaelov, No. A088 387 481 (B.I.A. Dec. 12, 2011), aff'g No. A088 387 481 (Immig. Ct. Buffalo, Nov. 29, 2010). We here review the decision of the BIA, as it is the only agency decision to address the issue Zarbaelov raises in his petition for review: that his Notice to Appear was defective and, therefore, did not trigger the stop-time rule so as to terminate Zarbaelov's accrual of time physically present in the United States for purposes of determining his eligibility for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(A). See Ruiz-Martinez v. Mukasey, 516 F.3d 102, 112 n.7 (2d Cir. 2008).[1] Because Zarbaelov's argument raises a question of law, we review it de novo. See Ali v. Mukasey, 525 F.3d 171, 173 (2d Cir. 2008). In doing

---

[1] The BIA found that Zarbaelov had waived this argument by failing to present it to the IJ. See In re J-Y-C-, 24 I. & N. Dec. 260, 261 n.1 (B.I.A. 2007) (declining to address argument raised for first time on appeal from IJ's decision). We need not here decide whether an alien who raises an argument to the BIA that was not presented to the IJ satisfies the statutory exhaustion requirement of 8 U.S.C. § 1252(d)(1) because the BIA alternatively denied petitioner's claim on the merits, and we identify no error in that ruling.

2

so, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to deny the petition.

An alien who is not a lawful permanent resident may establish eligibility for cancellation of removal and adjustment of status if he can demonstrate, inter alia, that he "has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application." 8 U.S.C. § 1229b(b)(1). Under the stop-time rule, however, "any period of continuous residence or continuous physical presence in the United States shall be deemed to end . . . when the alien is served a notice to appear under section 1229(a)." Id. § 1229b(d)(1).

Zarbaelov argues that the Notice to Appear with which he was served did not trigger this stop-time rule because the notice was legally defective. Specifically, the notice did not specify the date, time, and correct location of his initial hearing. Id. § 1229(a)(1)(G)(i) (requiring that Notice to Appear specify, inter alia, "time and place at which the proceedings will be held"). Zarbaelov's argument is without merit.

The "stop-time rule is triggered upon service of a Notice to Appear that (alone or in combination with a subsequent notice) provides the notice required by [8 U.S.C. § 1229(a)(1)]." Guamanrrigra v. Holder, 670 F.3d 404, 410 (2d Cir. 2012). A Notice to Appear satisfies the requirements of § 1229(a)(1), and is sufficient to trigger the stop-time rule, if it indicates that the date and time of a hearing will be set at a later date and it is

3

followed by a subsequent notice specifying the precise date and time of the hearing. See id. at 410–11.

Here, Zarbaelov was personally served on August 25, 2009, with a Notice to Appear before an IJ in Buffalo, New York, "on a date to be set at a time to be set." Aug. 25, 2009 NTA, J.A. 138. On September 9, 2009, the Department of Homeland Security personally served Zarbaelov with a Notice of Hearing in Removal Proceedings which stated that his initial hearing was scheduled to take place on September 16, 2009, at 10:30 a.m. at the immigration court in Batavia, New York. Service of the August 2009 Notice to Appear and the September 2009 Notice of Hearing, in combination, thus provided Zarbaelov with notice sufficient to satisfy the statutory requirements of 8 U.S.C. § 1229(a)(1) and to trigger the stop-time rule of § 1229b(d)(1). See Guamanrrigra v. Holder, 670 F.3d at 411. Zarbaelov therefore ceased to accrue time in which he was physically present in the United States on September 9, 2009, less than 10 years after he was admitted to the United States in February 2000. See id. Accordingly, the BIA correctly determined that Zarbaelov is statutorily ineligible for cancellation of removal and adjustment of status under 8 U.S.C. § 1229b(b)(1) because he failed to demonstrate that he was "physically present in the United States for a continuous period of not less than 10 years immediately prior to [his] application" for relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is

4

VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court