Adekoya v. Holder

BIA
Page, IJ
A097 513 560

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand thirteen.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> BARRINGTON D. PARKER,
> PETER W. HALL,
> *Circuit Judges.*

_____

PRINCE KAYODE ADEKOYA, AKA PRINCE A.Z.K. ADEKOYA, II,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

10-993(L);
10-4585(Con)
NAC

_____

FOR PETITIONER:      Prince Kayode Adekoya, *pro se*, Batavia, NY

FOR RESPONDENT:      Tony West, Assistant Attorney General; Ahn-Thu P. Mai-Windle,

Senior Litigation Counsel; Kathryn M. McKinney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review in 10-993 is DENIED and the petition for review in 10-4585 is GRANTED, and that matter is REMANDED to the BIA for further proceedings.

Petitioner Prince Kayode Adekoya, a native and citizen of Nigeria, seeks review of a February 18, 2010, order of the BIA, finding that it lacked jurisdiction to review the September 4, 2009, order of Immigration Judge ("IJ") Alan L. Page, ordering Adekoya removed and noting the withdrawal of his application for asylum, withholding of removal, and relief under the Convention Against torture ("CAT"), *In re Prince Kayode Adekoya*, No. A097 513 560 (B.I.A. Feb. 18, 2010), *aff'g* No. A097 513 560 (Immig. Ct. N.Y. City Sept. 4, 2009), and an October 8, 2010 decision of the BIA denying a motion to reopen for lack of jurisdiction, *In re Prince*

2

*Kayode Adekoya*, No. A097 513 560 (B.I.A. Oct. 8, 2010).  We

assume the parties' familiarity with the underlying facts

and procedural history in this case.

We review *de novo* questions of law and constitutional

claims.  *See Pierre v. Gonzales*, 588 F.3d 767, 772 (2d Cir.

2009).

## I.   February 2010 BIA Decision, Docket No. 10-993 (L)

In October 2010, the BIA found that it lacked

jurisdiction to review the IJ's decision because Adekoya had

withdrawn his asylum application and waived his right to

appeal the IJ's decision.  Adekoya challenges this

determination, arguing that he did not knowingly and

intelligently waive his right to appeal and that to the

extent his attorney waived this right on his behalf, it was

without his consent.  We have previously recognized that,

"[a]sking the parties whether they accept a decision as

'final' is a shorthand expression commonly used by

Immigration Judges . . . refer[ing] to the language of

8 C.F.R. § 1003.39, which provides for finality of the

Immigration Judge's decision upon waiver of the right to

appeal."  *Ali v. Mukasey*, 525 F.3d 171, 173 (2d Cir. 2008).

We have further held that "[t]hose who understand the

3

meaning of that shorthand expression, such as aliens represented by attorneys . . . may effectively waive appeal in response to this simple question." *Id.* Because the record indicates that Adekoya requested the withdrawal of his asylum application, and further reflects that Adekoya's counsel accepted the resulting order of removal as "final," Adekoya voluntarily and knowingly waived his right to appeal. *See Ali*, 525 F.3d at 174; *see also Hoodho v. Holder*, 558 F.3d 184, 192-93 (2d Cir. 2009) (aliens are bound by concessions made by freely retained counsel). The petition in this matter is, therefore, denied.

**II.  October 2010 BIA Decision, Docket No. 10-4584 (Con)***

Adekoya requests that we resolve the jurisdictional dispute between the IJ, who rejected his motion to reopen for lack of jurisdiction and instructed him to file it with the BIA, and the subsequent decision of the BIA denying his motion on jurisdictional grounds because the motion should have been filed with the IJ.  A motion to reopen is filed with the immigration court "unless jurisdiction is vested

---

* Because Adekoya is detained and the envelope in which he sent his petition for review indicates that it was mailed within the 30-day filing period, Adekoya's petition for review of the October 2010 BIA order is timely. *See Arango-Aradondo v. INS*, 13 F.3d 610, 612 (2d Cir. 1994).

4

with the Board of Immigration Appeals." 8 C.F.R. § 1003.23(b). Because Adekoya waived his right to appeal the IJ's decision, he, in turn, lost his right to appeal that decision to the BIA. *See* 8 U.S.C. § 1003.3(a)(1). The BIA, therefore, rightly rejected Adekoya's motion to reopen for lack of jurisdiction because jurisdiction never vested in the BIA. However, in rejecting Adekoya's motion on jurisdictional grounds, the BIA noted that the IJ also had rejected the motion on jurisdictional grounds. The BIA, however, failed to transfer the motion back to the IJ, explain to Adekoya where or how he should have filed his motion, or explain why neither the IJ nor the BIA had jurisdiction. Given Adekoya's *pro se* status and the lack of clarity and inconsistency in the agency's jurisdictional rulings, we grant this petition and remand to the BIA so it may further address the jurisdictional issue regarding the filing of the motion to reopen.

For the foregoing reasons, the petition for review in 10-993 is DENIED and the petition in 10-4585 is GRANTED, and the matter is REMANDED to the BIA for further proceedings. As we have completed our review, the pending motions for stay of removal are DISMISSED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule

5

of Appellate Procedure 34(a)(2), and Second Circuit Local

Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk