*Mitaj v. Garland*

BIA
A206 189 278

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of July, two thousand twenty-two.

PRESENT:
> GUIDO CALABRESI,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*

_____

DANIEL MITAJ,

> *Petitioner*,

v.

MERRICK B. GARLAND, United States Attorney General,

> *Respondent*.

_____

No. 20-1629
NAC

**FOR PETITIONER:**          Michael P. DiRaimondo, Marialaina L. Masi, Stacy A. Huber, DiRaimondo & Masi, P.C., Bohemia, NY.

**FOR RESPONDENT:**          Brian Boynton, Acting Assistant Attorney General, Civil Division; Cindy S. Ferrier, Assistant Director, Office of Immigration Litigation; Sarai M. Aldana, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Daniel Mitaj, a native and citizen of Albania, seeks review of the BIA's May 7, 2020 decision denying, as untimely, his motion to reopen his removal proceedings. *In re Daniel Mitaj*, No. A206 189 278 (B.I.A. May 7, 2020). In support of his motion before the BIA, Mitaj submitted a report by Dr. Bernd Fischer, a purported expert on Albania, stating that an individual who previously attacked Mitaj in revenge for reporting a robbery to police would continue to target him, that the two primary political parties in Albania are a threat to members of the Christian Democracy Party to which Mitaj belongs, and that there has been a rise in Islamic fundamentalism. Before this Court, Mitaj argues

2

primarily that Dr. Fischer's report constituted material evidence of changed country conditions in Albania, such that the BIA abused its discretion by finding the report insufficient to excuse Mitaj's otherwise-untimely filing of his motion. In the alternative, he argues that the BIA violated due process by failing to adequately consider Dr. Fischer's report.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). Because motions to reopen are generally disfavored in light of the "strong public interest in bringing litigation to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to develop and present their respective cases," *INS v. Abudu*, 485 U.S. 94, 107 (1988) – and particularly so in immigration cases, where "as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States" – the BIA has "broad discretion to . . . deny such motions," *INS v. Doherty*, 502 U.S. 314, 323 (1992) (internal quotation marks omitted). "An abuse of discretion may be found where the BIA's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is . . . [,] the Board has acted in an arbitrary or capricious manner."

*Jian Hua Wang v. BIA*, 508 F.3d 710, 714 (2d Cir. 2007). We review the BIA's underlying factual findings (including findings as to whether an alien has demonstrated a "material" change in country conditions) for substantial evidence, *Jian Hui Shao*, 546 F.3d at 169, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," *see* 8 U.S.C. § 1252(b)(4)(B). While we review due-process challenges to a BIA decision de novo, *Ali v. Mukasey*, 525 F.3d 171, 173 (2d Cir. 2008), a petitioner cannot obtain de novo review of what is "in effect" an argument that the BIA "simply reached the wrong outcome" by "cloaking" it in the "language of 'due process.'" *Saloum v. USCIS*, 437 F.3d 238, 243–44 (2d Cir. 2006) (citations omitted). We assume the parties' familiarity with the underlying facts and procedural history.

It is undisputed that Mitaj's 2020 motion to reopen was facially untimely because he filed it more than a full year after he was ordered removed in 2018. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) ("[A] motion to reopen shall be filed within [ninety] days of the date of entry of a final administrative order of removal."); 8 C.F.R. § 1003.2(c)(2). The normal ninety-day time limit does not apply, however, if reopening is sought to apply for asylum or withholding of removal, and the motion "is based on . . . evidence" that is "material" to establishing "changed

4

country conditions arising in the country of nationality or the country [of] removal" and "was not available . . . at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii); *see* 8 C.F.R. § 1003.2(c)(3).

Here, the BIA rejected Mitaj's argument that Dr. Fischer's report constituted new and material evidence sufficient to trigger this statutory exception and excuse the otherwise-untimely filing of his motion.  Specifically, the BIA found that the report – whether considered "alone" or "in sum" with the rest of "the [record] evidence" – failed to establish a material change in conditions in Albania since Mitaj's original 2017 hearing before the Immigration Judge (the "IJ").  Certified Admin. Record at 3–4.  Mitaj now urges that the BIA abused its direction in so finding.  We disagree.

"When reviewing whether . . . evidence established changed country conditions, the BIA must compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *Tanusantoso v. Barr*, 962 F.3d 694, 698 (2d Cir. 2020) (internal quotation marks omitted).  The evidence Mitaj had presented to the IJ in 2017 described Albania's then-ongoing problems with government corruption, crime, and political turmoil between parties of different religious affiliations.  The evidence he presented to

5

the BIA in 2020 (i.e., Dr. Fischer's report) described Albania's *still*-"ongoing" problems, Certified Admin. Record at 61–62, with the very same issues. Indeed, Dr. Fischer repeatedly emphasized that the cultural, political, and religious dynamics described in his report are "continuing" problems in Albania that variously "date back" to "at least the Middle Ages," the "fifteenth century," the "early 1990s," the "flawed elections of 2009 and 2011," or other events long predating Mitaj's 2017 removal proceedings before the IJ. *Id.* at 51–57, 59–66, 69–73, 79. Accordingly, the BIA's finding that Mitaj failed to demonstrate a material change in conditions in Albania was supported by substantial evidence, *see Jian Hui Shao*, 546 F.3d at 168–69; 8 U.S.C. § 1252(b)(4)(B), and was soundly reasoned within the applicable legal framework, *see Tanusantoso*, 962 F.3d at 698. The BIA therefore did not abuse its discretion in denying his motion as untimely. *See Jian Hua Wang*, 508 F.3d at 714; 8 U.S.C. § 1229a(c)(7)(C).[1]

We likewise reject Mitaj's contention that "the BIA violated [his] right to due process when it failed to consider all of the evidence of record." Mitaj Br. at 16

---

[1] Because the BIA's denial of Mitaj's motion as untimely is dispositive, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3), we need not reach the BIA's alternative basis for denying his motion (i.e., that he failed to establish his prima facie eligibility for relief), *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule[,] courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

(capitalization standardized). "To establish a violation of due process," Mitaj "must show that []he was denied a full and fair opportunity to present h[is] claims or that the . . . BIA otherwise deprived h[im] of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted). Mitaj's repetitive and conclusory assertions that the BIA "clearly ignored" Dr. Fischer's report, Mitaj Br. at 19, are belied by the record, which shows that the BIA carefully analyzed Dr. Fischer's report, and by Mitaj's own petition to this Court, in which he begrudgingly concedes that the BIA *did* discuss "facts and aspects of the report in its decision." *Id.*[2]

---

[2] Mitaj's remaining arguments in support of his due-process claim amount to nothing more than "effort[s] to dress up a poorly disguised attack on the merits of" the BIA's changed-country-conditions finding "by couching" that attack in "talismanic invocation[s] of the language of due process." *Saloum*, 437 F.3d at 243–44 (internal quotation marks omitted). For instance, whereas Mitaj now asserts that the BIA "failed to consider" what he characterizes as "the fact that conditions in Albania have deteriorated significantly," Mitaj Br. at 19, the BIA *did* consider Mitaj's arguments to that effect; it simply rejected them. Because this assertion is "arguing in effect . . . that [the BIA] . . . simply reached the wrong outcome," it is not cognizable as a due-process claim. *Saloum*, 437 F.3d at 244 (internal quotation marks omitted). The same is true of Mitaj's assertion that the BIA gave inadequate weight (or dedicated insufficient space in its written decision) to certain specific "fact[s]" alleged in Dr. Fischer's report, Mitaj Br. at 19, which is similarly "arguing in effect . . . that the [BIA] incorrectly weighed the evidence [or] failed to explicitly consider certain evidence," *Saloum*, 437 F.3d at 244 (internal quotation marks and alterations omitted). Despite being nominally "recast as alleged due process violations," neither of these assertions is distinct from Mitaj's "[t]raditional abuse[-]of[-]discretion challenge[]," *id.* (citation omitted) – which we have already rejected.

Meanwhile, nowhere in his petition for review does Mitaj meaningfully "contend that he was prevented from presenting his case before . . . the BIA, or that he was denied a full and fair hearing before an impartial adjudicator, or otherwise denied a basic due process right." *Saloum*, 437 F.3d at 244 (citation and alterations omitted). On the contrary, the record clearly indicates that the BIA considered his motion to reopen and all of his accompanying evidence. His due-process claim therefore fails.

We have considered all of Mitaj's remaining arguments and find them to be without merit. Accordingly, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8