09-4521-ag
Chavez-Michaca v. Holder

BIA
Brennan, IJ
A074 976 708

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of April, two thousand eleven.

PRESENT:
>            ROGER J. MINER,
>            ROBERT D. SACK,
>            REENA RAGGI,
>                 *Circuit Judges.*

_____

SUSY CHAVEZ-MICHACA,
>        *Petitioner,*

>        v.                                    09-4521-ag
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL; UNITED STATES
DEPARTMENT OF JUSTICE,
>        *Respondents.*

_____

FOR PETITIONER:        Bruno Joseph Bembi, Hempstead, New York.

FOR RESPONDENTS:       Tony West, Assistant Attorney General; Jennifer P. Levings, Senior Litigation Counsel; Katharine E. Clark, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Susy Chavez-Michaca, a native and citizen of Mexico, seeks review of an October 14, 2009 decision of the BIA, affirming the February 8, 2008 order of Immigration Judge ("IJ") Noel Ann Brennan, granting the government's motion to reconsider her February 4, 2008 order granting Chavez-Michaca's motion to rescind an *in absentia* order of deportation. *In re Susy Chavez-Michaca*, No. A074 976 708 (B.I.A. Oct. 14, 2009), *aff'g* No. A074 976 708 (Immig. Ct. N.Y. City Feb. 8, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). This Court reviews the agency's grant of a motion to reconsider for abuse of discretion. *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (per curiam); *see also* 8 C.F.R. § 1003.23(b)(1)(iv) (2011) ("The decision to grant or deny a

2

motion to reopen or a motion to reconsider is within the discretion of the Immigration Judge."). The Court reviews *de novo* constitutional challenges and questions of law. *Ali v. Mukasey*, 525 F.3d 171, 173 (2d Cir. 2008).

The agency did not abuse its discretion in granting the government's motion to reconsider. A motion to reconsider filed with the IJ must specify errors of fact or law in the IJ's prior decision. *See* 8 C.F.R. § 1003.23(b)(2) (2011); *see also Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001). In its motion, the government argued that the IJ's prior order granting Chavez-Michaca's motion to rescind her *in absentia* deportation order was based on the erroneous finding that Chavez-Michaca had not received notice of her hearing. As the government established, Chavez-Michaca received personal service of an Order to Show Cause and Notice of Hearing. *See Fuentes-Argueta v. INS*, 101 F.3d 867, 870–71 (2d Cir. 1996) (noting the requirement of former Immigration and Nationality Act § 242B that an alien be notified of the time and place of a deportation hearing either in person or by certified mail); *see also Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) (recognizing that personal service of a Notice of Hearing

3

provided proper notification of a hearing).  Thus, we find no abuse of discretion in the IJ's determination that her prior order granting Chavez-Michaca's motion to rescind was based on a factual error.  *See* 8 C.F.R. § 1003.23(b)(2) (2011); *see also Ke Zhen Zhao*, 265 F.3d at 90.

Chavez-Michaca also argues that the IJ violated her due process rights by not providing her an opportunity to respond to the government's motion to reconsider.  In the immigration context, "[t]o establish a violation of due process, an alien must show that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted), and that she was prejudiced by such error, *see Garcia-Villeda v. Mukasey*, 531 F.3d 141 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (internal quotation marks omitted)); *accord Lattab v. Ashcroft*, 384 F.3d 8, 20 (1st Cir. 2004) ("It is beyond peradventure that before a petitioner in an immigration case may advance a procedural due process claim, he must allege some cognizable prejudice fairly attributable to the

4

challenged process."); *cf. United States v. Sanchez*, 225 F.3d 172, 176 (2d Cir. 2000). Chavez-Michaca has demonstrated neither. The agency's regulations do not require the IJ to provide an opportunity to respond to a motion to reopen or reconsider, stating only that the IJ "*may* set and extend time limits for replies to motions to reopen or reconsider." 8 C.F.R. § 1003.23(b)(1)(iv) (2011) (emphasis added). Moreover, although Chavez-Michaca did not have an opportunity to respond to the government's motion to reconsider the IJ's grant of her motion to rescind, she was provided a full and fair opportunity to present her arguments for rescission in her motion to reopen filed before the IJ and in her appeal to the BIA. *See Burger*, 498 F.3d at 134; *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 157 (2d Cir. 2008). As for her argument that she was prejudiced, Chavez-Michaca claims that she would have argued in her response that the administrative record indicated that the date of her missed hearing before the IJ differed from the hearing date provided in her Order to Show Cause and Notice of Hearing. However, despite a transcription error in the record of the hearing, the record clearly demonstrates that her hearing was held on the same date as

the hearing date provided in her Order to Show Cause and Notice of Hearing. Thus, she has not demonstrated that she was prejudiced. *See Burger*, 498 F.3d at 134..

We lack jurisdiction to consider Chavez-Michaca's remaining due process claims because she failed to exhaust those claims on appeal to the BIA. *See* 8 U.S.C. § 1252(d)(1) (2011); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006); *see also Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 124 (2d Cir. 2007) (concluding that exhaustion of administrative remedies is a predicate of this Court's subject matter jurisdiction, while the failure to exhaust specific issues is an affirmative defense subject to waiver). The statutory exhaustion requirement is not excused for these constitutional claims because, even though the BIA is without jurisdiction to rule on constitutional claims, *see Theodoropoulos v. I.N.S.*, 358 F.3d 162, 172–73 (2d Cir. 2004) ("[T]he BIA does not have jurisdiction to adjudicate constitutional issues." (internal quotation marks omitted)); *United States v. Gonzalez-Roque*, 301 F.3d 39, 47-48 (2d Cir. 2002), the BIA was able to provide Chavez-Michaca with the requested relief, *i.e.*, rescission of the IJ's *in absentia* deportation order and reopening of her deportation proceedings, *see Theodoropoulos*, 358 F.3d at

6

172-73. Accordingly, we dismiss the petition for review to this extent. *See Karaj*, 462 F.3d at 121.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk